

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2002

# Kanofsky v. Univ of Medicine

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Kanofsky v. Univ of Medicine" (2002). *2002 Decisions.* Paper 690.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/690

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

––––––––––––

No: 01-2860

––––––––––––

ALVIN KANOFSKY, Ph.D., and; DANIEL KANOFSKY, M.D., M.P.H.
individually, and as joint executors of the ESTATE OF PAUL
KANOFSKY, Ph.D., and as joint executors of the ESTATE OF
PHILIP KANOFSKY,

Appellants

v.

UNIVERSITY OF MEDICINE & DENTISTRY OF NEW JERSEY;
LESLIE P. MICHELSON, PH.D.; RICHARD CALMAN; STANLEY S. BERGEN, JR.;
HOWARD J. PRIPAS; MARILYN BODOW; JOHN DOE(S), individually and in
their official capacities.; THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA; JERRY YORK; RON NAPIORSKI

––––––––––––––––––––

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 96-cv–03007)
District Judge: Honorable Dickinson R. Debevoise

––––––––––––––––––––

Submitted Under Third Circuit LAR 34.1(a)
on August 1, 2002

Before: ROTH, RENDELL
and AMBRO Circuit Judges

(Opinion filed: October 30, 2002)

––––––––––––––––––––

# O P I N I O N

ROTH, <u>Circuit Judge</u>:

Alvin Kanofsky and Daniel Kanofsky, individually and as the executors of the Estate of Paul Kanofsky, appeal the granting of summary judgment to defendants by the United States District Court for the District of New Jersey. The action for age and disability discrimination and intentional infliction of emotional distress was brought on behalf of their brother, Paul Kanofsky, now deceased of unrelated causes. They contend on appeal that the District Court erred in granting summary judgment because (1) they had established a prima facie case of disability discrimination, (2) they had established a prima facie case of age discrimination, and (3) they had adequately alleged a claim of intentional infliction of emotional distress.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's grant of summary judgment is plenary. <u>See</u> <u>Ideal Dairy Farms, Inc. v. John Labatt, Ltd</u>., 90 F.3d 737, 743 (3d Cir. 1996). "Viewing the facts in the light most favorable to the nonmoving party, we look to see if there was a genuine issue of material fact and, if not, whether the moving party was entitled to judgment as a matter of law." <u>Gaul v. Lucent Tech., Inc</u>., 134 F.3d 576, 579 (3d Cir. 1998).

We will not recite the facts herein as the parties are familiar with them.

*Discrimination Claims*

---

[1]We do not consider the Estate of Philip Kanofsky to be a party to the appeal, because the District Court denied appellants' motion to add that Estate as an additional plaintiff.

Appellants claim that they established a prima facie case of both disability and age discrimination. We disagree.

First, as to disability, to establish a prima facie case of discrimination under the ADA, an employee must show that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Taylor v. Phoenixville School Dist., 184 F.3d 296, 306 (3d Cir. 1999).[2] We find that the appellants failed to meet this burden. Appellants failed to prove that Dr. Kanofsky was a qualified employee. See Gaul, 134 F.3d at 580. In Gaul, we established that an employee claiming disability discrimination must possess certain skills and abilities as a prerequisite for his position, and the employee must be able to carry out the "essential functions" of the job. Id. Appellants failed to show that Dr. Kanofsky was able to carry out the essential functions of his position, with or without accommodation.[3] The appellants did not demonstrate that Dr. Kanofsky either requested an accommodation or that his employer was aware of any need of one. Thus, they have failed to make out a prima facie case.

As to the age discrimination claim, an employee must establish a four-prong prima facie case of

---

[2]See also Jansen v. Food Circus Supermarkets, Inc., 541 A.2d 682, 692 (N.J. Super. 1986) (citing elements of a prima facie case under the NJLAD).

[3]Appellants allege that because Dr. Kanofsky's disability was obvious, he was not required to ask for an accommodation. We have previously stated that an employer's knowledge of an impairment is not sufficient to prove that the employer was aware of any desire by the employee for an accommodation. See Taylor, 184 F.3d at 313. Dr. Kanofsky did not request an accommodation and his employer was not to assume he needed one.

3

age discrimination. See Lawrence v. Nat'l Westminster Bank New Jersey, 98 F.3d 61, 65 (3d Cir. 1996). The employee must prove by a preponderance of the evidence that "(1) he is over 40 years old; (2) he is qualified for the position in question; (3) he suffered from an adverse employment decision; and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination." Id. (stating that state standards under the NJLAD are the same as under the federal ADEA standards); see also Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 897 (3d Cir. 1987). Because, for the reasons stated above, the appellants have failed to show that Dr. Kanofsky was able to carry out the essential functions of his position and, thus, was qualified for it, they do not meet their burden of making a prima facie case of age discrimination.

*Intentional Infliction of Emotional Distress*

Appellants also assert that their claim of intentional infliction of emotional distress was adequately alleged in their amended complaint. The elements of such a claim pursuant to New Jersey law are (1) extreme and outrageous conduct, (2) intent to commit both the act and the emotional distress, (3) proximate cause, and (4) emotional distress so severe that no reasonable person could endure it. See Buckley v. Trenton Saving Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988). To survive a summary judgment motion, there must be sufficient evidence to raise a genuine issue of material fact for each element of the claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). We agree with the District Court's determination that there was insufficient evidence to establish these elements.

For the foregoing reasons, we will affirm the judgment of the District Court.

4

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

  /s/ Jane R. Roth
Circuit Judge

5